UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
KEY WEST DIVISION

CASE NO. 08-10020-CIV-KING

AUTO-OWNERS INSURANCE COMPANY,

    Plaintiff,

v.

CLASSIC CARPET & TILE, INC.,
FRANKLIN CARNELLI, and
SUZY CARNELLI,

    Defendants.
_____/

## ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

THIS CAUSE comes before the Court on Defendants Franklin Carnelli and Suzy Carnelli's Amended Motion for Partial Summary Judgment (D.E. #18), filed December 31, 2008.[1]

**I. Background**

On March 11, 2008, Plaintiff Auto-Owners Insurance Company filed the above-styled action against Defendants Classic Carpet & Tile, Inc. ("Classic Carpet"), Franklin

___

[1] Defendants Franklin Carnelli and Suzy Carnelli filed their Motion for Partial Final Summary Judgment on December 17, 2008 (D.E. #15), and then amended their Motion for Partial Final Summary Judgment on December 31, 2008 (D.E. #18). Plaintiff Auto-Owners Insurance Company filed its Response to both Defendants' Motions on January 20, 2009 (D.E. #26).

1

Carnelli, and Suzy Carnelli (D.E. #1).

On April 6, 2004, Defendants Franklin and Suzy Carnelli entered into a General Agreement of Indemnity ("the Agreement") with Plaintiff Auto-Owner's Insurance Company in order to secure required performance and payment bonds for their company, Classic Carpet. Under the Agreement, Plaintiff would put up performance and payment bonds for subcontracts that Classic Carpet entered into, however, if necessary, Franklin and Suzy Carnelli would "immediately exonerate and hold harmless, indemnify and reimburse Auto-Owners from any and all claims, demands and liability for losses, costs, and expenses of any kind or nature . . . ." (Compl., Ex. A). The Agreement expressly states, "The Indemnitors understand and agree that this document is a continuing Agreement to Indemnify over an indefinite period . . . [and] [n]one of the terms, conditions and provisions contained in this Agreement may be altered, amended or modified in any way unless done so in writing and signed by an authorized officer of Auto-Owners." (Compl. Ex. A, ¶¶ 18, 23). Franklin Carnelli signed the Agreement as both President of Classic Carpet and in his individual capacity. Suzy Carnelli signed in her individual capacity.

Plaintiff's Complaint asserts that on November 19, 2005, Classic Carpet entered into a subcontract with Heery International ("Heery") to furnish and install tile on a project in Key West, Florida (Compl. ¶ 9). Then, on April 14, 2006, Classic Carpet entered into another subcontract with Heery to furnish and install flooring, tile, and carpet on a second

project in Key West, Florida (Compl. ¶ 8). Plaintiff alleges that, in reliance on the Agreement, it agreed to and did write two payment and performance bonds on behalf of Classic Carpet for the two subcontracts with Heery. (Compl. ¶¶ 10–11). On May 21, 2007, Heery advised Plaintiff that "Classic Carpet and Tile Inc. has informed us that they are bankrupt, and will not be able to full fill [sic] their obligations to Heery . . . under the two subcontracts . . . ." (Compl., Ex. D). Plaintiff seeks judgment from Defendants for losses expected to be suffered in fulfillment of its obligations under the performance and payment bonds, and specific performance ordering Defendants to make books, records, and accounts immediately available and requiring Defendants to provide collateral to protect Plaintiff from its potential losses (Compl. ¶¶ 12–13).

Defendants Franklin and Suzy Carnelli filed the instant Motion for Partial Final Summary Judgment arguing that, because Classic Carpet was sold to Keith Carnelli on January 15, 2006, "Franklin Carnelli and Suzy Carnelli have nothing to do with the matter and a judgment should be entered in their favor accordingly." (Defs' Am. Mot. Summ. J. ¶¶ 2, 5). The record does not contain any written notification to Plaintiff of the sale of Classic Carpet nor a written modification of the Agreement.

**II. Standard of Review**

Summary judgment is appropriate where the pleadings and supporting materials establish that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*,

477 U.S. 317, 322 (1986). If the record as a whole could not lead a rational fact-finder to find for the nonmoving party, there is no genuine issue of fact for trial. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

The moving party bears the burden of pointing to the part of the record that shows the absence of a genuine issue of material fact. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997). Once the moving party establishes the absence of a genuine issue of material fact, the burden shifts to the nonmoving party to go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324; *see also Chanel, Inc. v. Italian Activewear of Fla., Inc.*, 931 F.2d 1472, 1477 (11th Cir. 1991) (holding that, to meet its burden, the nonmoving party must "come forward with significant, probative evidence demonstrating the existence of a triable issue of fact.").

On a motion for summary judgment, the court must view the evidence and resolve all inferences in the light most favorable to the nonmoving party, *id.*; however, a mere scintilla of evidence in support of the nonmoving party's position is insufficient to defeat a motion for summary judgment. *See id.* at 252. If the evidence offered by the nonmoving party is merely colorable or is not significantly probative, summary judgment is proper. *See id.* at 249–50.

### III. Analysis

Defendants Franklin and Suzy Carnelli contend that they are entitled to judgment as

a matter of law because they "have had nothing to do with the subject corporation, Classic Carpet & Tile, Inc., since the sale of that business [to Keith Carnelli] on January 15, 2006." (Defs' Am. Mot. Summ. J. ¶ 2). While Defendants agree that they executed the Agreement on April 6, 2004, their position is that the Agreement was signed "several years prior to the contract apparently at issue in Plaintiff's Complaint. . . . [and was signed] with respect to a separate and distinct bond having nothing to do with the projects at issue in Plaintiff's Complaint." (Defs' Am. Mot. Summ. J. ¶ 3).

Florida's cardinal rule of contract construction is "to ascertain the intention of the contracting parties and to give effect to that intention if is can be done consistently with legal principles." *Liberty Mut. Ins. Co. v. Aventura Eng'g & Constr. Corp.*, 534 F. Supp. 2d 1290, 1307 (S.D. Fla. 2008) (*quoting J.A. Jones Constr. Co. v. Zack Co.*, 232 So. 2d 447, 449–50 (Fla. 3d DCA 1970)). "When a contract is clear and unambiguous, the actual language used in the contract is the best evidence of the intent of the parties, and the plain meaning of that language controls." *Maher v. Schumacher*, 605 So. 2d 481, 482 (Fla. 3d DCA 1992).

Defendant Franklin and Suzy Carnelli's position is inconsistent with the unambiguous terms of the Agreement. The Agreement provides that "[t]he Indemnitors understand and agree that this document is a continuing Agreement to Indemnify over an indefinite period and that Bonds and undertakings issued by Auto-Owners pursuant to this Agreement may vary widely in amounts and nature and that the Indemnitors will be bound

by all such Bonds . . . ." (Compl., Ex. A, ¶ 18). The Agreement further requires that "[n]one of the terms, conditions and provisions contained in this Agreement may be altered, amended or modified in an way unless done so in writing and signed by an authorized officer of Auto-Owners." (Compl., Ex. A, ¶ 23). Defendants claim to have sold the business to Keith Carnelli prior to Plaintiff's issuance of the performance bonds at issue; however, nothing in the record demonstrates that Defendants followed the modification provision of the Agreement and notified Plaintiff of the sale of Classic Carpet. Without properly modifying the Agreement in writing, they are still liable for bonds issued to Classic Carpet & Tile, Inc. Under the Agreement, simply selling the business, without making the proper written contract modifications, does not relieve Defendants Franklin and Suzy Carnelli of liability.

Defendants argue that, because they never executed the bonds at issue, they did not agree to the bonds and therefore should not be held liable. Once again, the Defendants' reading of the Agreement is incorrect under the actual language of the Agreement. The Agreement specifically holds that "[t]he liability of the Indemnitors hereunder shall not be affected by the failure of the Indemnitors to sign any Bond, nor by any claim that other Indemnity or security was to have been obtained . . . ." (Compl., Ex. A, ¶ 16).

## IV. Conclusion

The Agreement is valid and, under the plain meaning of the language of the Agreement, remains in full force and effect between the Plaintiff and Defendants Franklin

6

and Suzy Carnelli. There are no facts in the record that show that the Defendants attempted to modify or rescind the Agreement in writing as required. Accordingly, after a careful review of the record and the Court being otherwise fully advised, it is hereby

**ORDERED, ADJUDGED, and DECREED** that Defendants Franklin Carnelli and Suzy Carnelli's Amended Motion for Partial Summary Judgment (D.E. #18) be, and the same is hereby, **DENIED**.

**DONE and ORDERED** in chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida this 10th day of February, 2009.

JAMES LAWRENCE KING
U.S. DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

cc: *Counsel for Plaintiff*
**Bradford A. Thomas**
Welbaum Guernsey Hingston Greenleaf & Gregory
901 Ponce De Leon Boulevard
Penthouse Suite
Miami, FL 33134-3009

**Peter M. Gannott**
Alber Crafton, PSC
Hurstbourne Place, Suite 1300
9300 Shelbyville Road
Louisville, KY 40222

*Counsel for Defendants*
**Albert Joseph Tiseo, Jr.**
Goldman, Tiseo & Sturges, P.A.
701 JC Center Court
Suite 3
Port Charlotte, FL 33954